UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL DIVISION – EASTERN DIVISION (BOSTON)

CHARLES G. WILLIAMS III, ESQ.
PLAINTIFF

vs.

THE SUPREME JUDICIAL COURT
OF THE STATE OF MAINE, et. al.
DEFENDANTS

Miscellaneous case number/unknown
(Local Case no. USDC Maine 04-CV95)

04MBD 10206

### MOTION TO COMPEL DISCLOSURE AND/OR MOTION FOR SANCTIONS FOR NON-COMPLIANCE WITH THIS COURT'S *SUBPOENA DUCES TECUM* AGAINST WILLIAM BROWNELL PURSUANT TO FED. R. CIV. P. 45(e)

**NOW COMES,** Charles G. Williams III, pro se, who herein Moves this Honorable Court TO COMPEL DISCLOSURE OF DOCUMENTS DEMANDED UNDER SUBPOENA by Mr. Williams, and TO IMPOSE APPROPRIATE SANCTIONS FOR NON-COMPLIANCE pursuant to Federal Rule of Civil Procedure 45(e). In Support of this Motion, the movant, Mr. Williams states the following:

FACTS IN SUPPORT OF CONTEMPT SANCTIONS AGAINST MR. BROWNELL

On or about May 9, 2004, the Appellant filed a 41 page, 223 paragraph Complaint against the Maine Supreme Judicial Court, and others, under various constitutional theories under 42 U.S.C. § 1983. The Complaint was filed in the United States District Court for the District of Maine. Along with the Complaint, the Appellant filed a motion for *In Forma Pauperis* Status (IFP) with the Distinct Court of Maine and affidavit of indigence, *ex parte*. On May 12, 2004, the district court granted the motion for IFP status.

Mr. Williams obtained signed blank subpoenas from the clerk of court of the United States District Court for the District of Massachusetts, in Boston, Massachusetts on or about June 21, 2004. See attached Copy of Subpoena to William BROWNELL. The Subpoena demanded several documents to mailed or delivered by any reasonable means to an address within the Commonwealth. *Id.* The Subpoena did not require William BROWNELL, (Mr. BROWNELL's) attendance at trial deposition or hearing before this or any other federal court. *Id.* The attached description of the documents sought demanded the delivery of the documents within seven (7) or ten (10) days of the receipt of the subpoena depending upon the documents.

1

*Id.* The subpoena contained a description of Mr. BROWNELL's rights under Federal Rules of Civil Procedure 45(c). *Id.* Mr. Williams mailed the subpoena, rights description under Rule 45, and a detailed description of the documents demanded under the Subpoena to Mr. BROWNELL's professional address (the only known address to Mr. Williams) by certified mail, at 156 Federal Street, Portland, ME 04333.[1] *See* attached documents. According to the United States Post Postal Service website, Mr. BROWNELL received the subpoena on June 25, 2004, two days after mailing by Mr. Williams. *See* attached USPS (United States Postal Services) Confirmation Sheet. Thus, compliance was due on July 8, 2004, fourteen (14) days later.[2] To date, Mr. BROWNELL has neither complied with the subpoena, nor filed any objection with Mr. Williams justifying his non-compliance. ~~As Bar Counsel~~, Mr. BROWNELL serves as clerk of court of all attorney disciplinary actions against any and all members of the Maine state Bar. *See* Me. Bar. R. 7. As such, Mr. BROWNELL has control over the documents described within the Subpoena. *Compare* Me. Bar. R. 6 and 7 *with* attached subpoena. Mr. BROWNELL is not a party to the suit in Maine.

### ARGUMENT IN SUPPORT OF SANCTIONS AGAINST MR. BROWNELL

Federal Rule of Civil Procedure 45 governs *subpoenas duces tecum* for the production of documents with or without the taking of a deposition. One of the purposes of Rule 45 is "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties...." Advisory Committee Notes to 1991 Amendment of Rule 45. "The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." *Id.* Under Rule 34, a request for production of documents applies to "matters within the scope of Rule 26(b)." Fed.R.Civ.P. 34(a).

Under Rule 45, the nonparty served with the *subpoena duces tecum* must make objections to it within 14 days after service <u>or before the time for compliance</u>, if less than 14 days. Fed.R.Civ.P. 45(c)(2)(B). Failure to serve timely objections <u>waives all grounds for objection, including privilege</u>. *See e.g., In re DG*

---

[1] The Certified Mail parcel number is #70040750000204826416.
[2] The actual due date was July 2nd, 2004, seven days later. Given the 4th of July Holiday, and the fact that the post offices were closed on July 5th, 2004, Mr. Williams waited an addition few days before filing this motion.

*Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.1998). "When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Fed.R.Civ.P. 45(d)(2).

The Record of this case indicates clearly that BROWNELL refused to comply, to respond, or to object within the time frame indicated within the subpoena. *See* attached subpoena. Further, it is equally clear that BROWNELL actually received his subpoena on June 25, 2004. *See* certified letter receipt and web page confirmation printout. Thus, BROWNELL was obligated under Rule 45(c)(2)(B) to file an objection to the subpoena before the seven day deadline. *See* Fed.R.Civ.P. 45(d)(2)

Finally, service of a subpoena may be achieved by certified mail. *See e.g., Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994). The Record evidence of this motion clearly indicates that Mr. BROWNELL received the certified letter, containing the subpoena on June 25, 2004, two days after mailing. Thus, it was incumbent upon Mr. BROWNELL to file a timely objection to the subpoena, for whatever reasons that he may have sought, by July 2, 2004, to Mr. Williams.

DEMAND FOR RELIEF AGAINST MR. BROWNELL

WHEREFORE, Mr. Williams prays this Court to grant the following relief against James BROWNELL, Esq., located at 142 Federal Street, Portland, ME 04101:

1. An order **TO COMPEL PRODUCTION OF THE DOCUMENTS DEMANDED WITHIN THE SUBPOENA DUCES TECUM AT NO COST TO MR. WILLIAMS WITHIN TEN (10) DAYS OF THIS COURT'S ORDER;** *and,*
2. An order **TO SANCTION WILLIAM BROWNELL, ESQ. FOR PRODUCTION COSTS, MAILING, AND FEES ASSOCIATED WITH THE INSTANT MOTION, MAILING AND COPYING OF THE SUBPOENA, AND ATTORNEY'S FEES.**

Respectfully Submitted,

FOR THE PLAINTIFF, PRO SE:

Charles G. Williams III
115 John Dunn Drive, 1A
Rockland, MA 02370
(781) 762-1473

## CERTIFICATE OF SERVICE

One copy of the forgoing Motion was sent to WILLIAM BROWNELL,, the person described within this motion and recipient of the *subpoena duces tecum* to be enforced located at 85 Statehouse Station, Augusta, ME 04332, on July 8, 2004 via regular U.S. Mail, postage pre-paid.

## CERTIFICATE OF NON-COMPLIANCE

I, Charles G. Williams III, did not comply with Local Rule 7.1, requiring that parties confer prior to the filing of any motion where compliance was not needed under the circumstances. The party who would have opposed the motion offered absolutely no objection to the issuance of the *subpoena duces tecum* described within the Motion above.

Charles G. Williams III

4

Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Charles G. Williams III

v.

Maine Supreme Judicial Court, et. al.

SUBPOENA IN A CIVIL CASE

Case Number: Maine USDC 04 CV 95

TO: William Brownell
156 Federal Street
Portland ME 04101

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

By Mail or other Means to:
112 Plymouth Dr. #1B
Norwood MA 02062

| PLACE | DATE AND TIME |
| --- | --- |
|  | See attachment |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Catherine M. Sawilek, Deputy Clerk | 6-21-04 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS AND TANGIBLE ITEMS TO BE
## DISCLOSED UNDER *SUBPOENA DUCES TECUM*

*INSTRUCTIONS*

Per Fed. R. Civ. P. 45 and the authority of this Court, the plaintiff, Charles G. Williams III, Esq., demands the production of the described documents and tangible items within 14 days of service of this Federal subpoena. **Please note that your rights under rule 45 are stated on page 2 of form AO88 (the second page of the subpoena form which precedes this statement).** Be advised that the plaintiff has been granted leave to proceed *in forma pauperis,* which essentially permits your compliance with this subpoena without the production of costs in advance, or subsequent to production of the items listed below. You or your designee may respond to this subpoena via mail, by hand, or other means which shall assure your compliance. All items offered in compliance shall be indexed, by case number and date unless otherwise requested below. In the absence of any information demanded below, you may indicate this by offering a declaration stating that such documents as requested within the numbered paragraph do not exist.

*DEFINITIONS*

For the purpose of this subpoena only, the following terms shall be defined *unless otherwise designated by U.S. District Court of Mass. Loc. Rules*:

The terms, "YOU," and "YOUR," shall refer to the person or designee stated on the subpoena.

The term, "DOCUMENT," shall refer to, but is not limited to papers, letters, electronic mails, day planners, schedules – whether computerized, or maintained within booklet form --, memoranda, transcripts, notes, post-it notes, note pads, stenographic machine tapes, magnetic diskettes (3.5" computer disks), computer laser disks (CD's), orders, directives, mandates, or other written communication transmitted by YOU in any fixed, tangible medium, which in advance of technology is issued by YOU for the creation, storage, and/or transmission of information and ideas, whether for business, pleasure, or used within YOUR judicial, or administrative duties.

The term, "DEFENDANTS," shall refer to all the above named defendants stated within the caption of the present Federal Civil Rights law suit.

The term, "TRANSMISSION," shall refer to the conveyance by any tangible, tactile, traceable, discernable means of information or DOCUMENTS from one or more persons to other persons, mainframes, mailboxes, electronic mail boxes, answering machines, macros, magnetic tapes, computer diskettes, computer terminals, palm pilots, secretaries, assistants, administrators, memoranda whether by paper, mail, electronic mail (e-mail), voice mail transfer or other transfer not herein described but in the advance of technology is used by YOU to convey ideas through a traceable, tangible medium.

The term, "RULE, or RULES," shall refer to Maine State Rules of Court – whether appellate, civil, criminal, bar disciplinary, or administrative – used by YOU and the DEFENDANTS in the ordinary course of your activities as judicial officer of the state of Maine.

The term, "BAR DISCIPLINE," shall refer to any form of judicial or regulatory control, correction, or punishment, in whatever form, to any member – whether current or former -- of the Maine State Bar, irrespective of race or residency, for any violation of the Maine State Bar Rules, American Bar Association Code of Professional Responsibility, or other code, custom, or practice used by the Supreme Judicial Court of Maine, Maine Board of Bar Overseers, or United States District Court for the District of Maine.

*ITEMS DEMANDED UNDER SUBPOENA*
1. Complete, certified copies of any and all bar disciplinary case files filed before the United States District Court for the District of Maine, stored and maintained on-site, inclusive of court documents, court filings, motions offered by both the respondent attorney and either the Board of Bar Overseers or counsel appointed to prosecute pleadings – inclusive of all interlocutory orders, and written judgments, whether published or unpublished, in unaltered, un-edited, and unreduced form, kept by the Clerk of Court for the past ten (10) years.

- 1 -

- 2 -

2. In addition to documents described within #1, you shall designate the race (or ethnicity) of the respondent attorney of each case demanded for the past ten (10) years, as well as the respondent attorney's last known address, and case number.
3. Motions filed by respondent attorneys described within #1 claiming violations of any constitutional right defined under Federal or State law, responses filed in opposition by and attorney, amicus curiae motions offered in support or opposition, and orders which settled the motions.
4. Complete case files for all respondent attorneys subject to suspension under Me. Bar R. 7.2(c) prior to judgment of bar discipline by this court, for any reason, well as a description of the race (or ethnicity) or the attorney subject to the suspension for the past (10) years.
5. Complete case files of all respondent attorneys who were ever denied trial on the merits of any disciplinary action pending before the District Court for any reason.
6. Complete records or documents of any and all rulemakings under Fed. R. Civ. P. 83.3 which adopted Me. Bar R. 7.2(c) as a local procedural rule of the District Court of Maine.
7. Complete copies of any and all grievance letters offered to the District Court by non-Caucasian persons purporting to complain about adverse, disparate treatment by Hon. D. Brock Hornby.

