UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL DIVISION – EASTERN DIVISION (BOSTON)

CHARLES G. WILLIAMS III, ESQ.
    PLAINTIFF

04MC 10206
Miscellaneous case number/unknown
(Local Case no. USDC Maine 04-CV95)

vs.

THE SUPREME JUDICIAL COURT
OF THE STATE OF MAINE, et. al.
    DEFENDANTS

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM
## IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

**NOW COMES**, the Plaintiff, Charles G. Williams III, Esq., pro se, who herein SEEKS LEAVE TO OFFER this REPLY MEMORANDUM in support of his previously filed motion to Compel against James Chute, Esq., J. Scott Davis, Esq., and James Henderson, as previously described in detail within Mr. Williams's original memorandum, and supplemental filing.

Respectfully Submitted,

Charles G. Williams III
115 John Dunn Drive, #1A
Rockland, MA 02370
(781) 762-1473

CERTIFICATE OF SERVICE
One copy was sent via Regular U.S. Mail to C. Taub, on July 22, 2004, located at 6 Statehouse Station, Augusta, ME 04333-0006.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL DIVISION – EASTERN DIVISION (BOSTON)

CHARLES G. WILLIAMS III, ESQ.
    PLAINTIFF

                        Miscellaneous case number/unknown
vs.                       (Local Case no. USDC Maine 04-CV95)

THE SUPREME JUDICIAL COURT
OF THE STATE OF MAINE, et. al.
    DEFENDANTS

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

**NOW COMES**, the Plaintiff, Charles G. Williams III, Esq., pro se, who herein offers this reply memorandum in support of his previously filed motion to Compel against James Chute, Esq., J. Scott Davis, Esq., and James Henderson, as previously described in detail within Mr. Williams's original memorandum, and supplemental filing.

### BRIEF REPLY TO "RESPONDENTS" OPPOSITION TO SUBPOENAS DUCES TECUM

The Respondent's reliance upon Fed. R. Civ. P. 5 is misplaced; Rule 5 only governs the filing of motions and pleadings between parties and not non-parties as the rule and case law expressly indicate. "objection" offered by the "respondents," if accepted as timely, still falls far short of the requirements for objections within this Circuit. As mentioned within the supplement, the case is not dismissed, nor the judgment final where the district court received a motion for new trial and reconsideration under Rule Fed. R. Civ. P. 59. Finally, Respondents' counsel suffers from an irreconcilable conflict of interest under Massachusetts law.

### ARGUMENT

Once again, Mr. Williams is reminded of the lengths to which the defendants in the above action will strain to escape public criticism and ridicule for their colleague's actions. Sadly, it appears that hyperbole, half-truths, and deliberate mis-citation of law are the order of the day.

    1.    *What Mr. Williams is <u>actually</u> suing for.*

The Messers. Davis, Chute, and Henderson (respondents) make a point of claiming to this Court that Mr. Williams is suing because the disciplinary action against was "racially motivated." Opposition at 1-2. This

1

is false. As an examination of both the Complaint filed with the Maine Federal Case Number 04-CV95 on P.A.C.E.R. indicates clearly, Mr. Williams's complaint states several causes of action against the defendants for a variety of 14th amendment claims,[1] including but not limited to: (1) Defendant Paul L. Rudman, justice of the Maine Supreme Judicial Court intentionally discriminated against Mr. Williams on the basis of Mr. Williams's in the manner by which he conducted the disciplinary proceedings; (2) Defendant intentionally circumvented Mr. Williams's procedural due process rights by ignoring motions, refusing to rule upon the constitutionality of Maine Bar Rule 7.2, or the alleged unconstitutional actions of the Maine Board of Bar Overseers as required under Maine State law; (3) Maine Bar Rule 7.2 is unconstitutional on its face and violates Mr. Williams's (and others) procedural due process rights; (4) Mr. Williams was denied his procedural due process right to compulsory process, and proper venue where the defendants transferred the disciplinary case against Mr. Williams from Portland, ME, over 100 miles north to Bangor, ME, *sua sponte* without justification, excuse, or motion by either party, where the defendants knew Mr. Williams was indigent, and lives within the Commonwealth of Massachusetts; (5) the defendants, collectively, intentionally prejudiced the interests of clients in retaliation against those who continued to use Mr. Williams services as he faced discipline from the defendants. *See* USDC Maine 04-CV-95.

2. *Certified Mail is a proper form of service upon non-parties.*

   a. *Rule 45 does not require process server to serve subpoenas.*

As anticipated, the respondents claim that service of a subpoena duces tecum may not be had by certified mail. *See* Opposition p. 3. The Respondents failed to realize that service of a subpoena under Rule 4 only applies to service upon parties, and not non-parties. This, too, is false. Non-parties may be served by certified U.S. Mail, or other means to insure delivery and notice to the person subject to the subpoena. *See Firefighter's Institute for Racial Equality v. City of St. Louis, MO*, 220 F.3d 898, 903 (8th Cir. 2000)(Non-parties may be served via certified mail)(citing *Doe v. Hersemann*, 155 F.R.D. 630, at 630 (N.D. Ind. 1994)); *Codrington v. Anheuser-Bush, Inc.*, 1999 WL 1043861*1(M.D. Fla. 1999)(Non-parties may be served with subpoena duces tecum by certified mail)(citing, *Doe v. Hersemann*, 155 F.R.D. 630, at 630 (N.D. Ind. 1994);

---

[1] *See* P.A.C.E.R., USDC Maine 04-CV95, Reccomended Decision by Judge Magistrate Kravchuk pp. 1-2.

2

*King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)(No need for personal service of subpoena duces tecum under Fed. R. Civ. P. 45, "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness."); *Abbot v. Kidder Peabody & Co.*, 1997WL 337228*3 (N.D. Ill. 1997)(same); *In re Shur*, 184 B.R. 640, 641-644 (E.D.N.Y. 1995).[2] The District Court in *In Re Shur* offers the most compelling rationale behind the use of certified U.S. Mail, or other reliable means, to effectuate service against a non-party:

> First, the language of Rule 45 does not demand personal service. All that is required under the rule is that the subpoena be served by "*delivering* a copy ..." to the person named therein. Rule 45 [emphasis added].
>
> The American Heritage Dictionary of the English Language (hereinafter, "The American Heritage Dictionary") defines "deliver" as "[t]o bring or transport to the proper place or recipient". *The American Heritage Dictionary of the English Language* 494 (3rd. ed.). "Transport" is defined as "[t]o carry from one place to another; convey", *id.* at 1903, and "convey" is defined, in part, as "[t]o communicate or make known; impart", *id.* at 412. Nothing in the everyday meaning of any of these words expresses or suggests a requirement that "delivery" be effected exclusively by the hand of one human being to the hand of another. Indeed, since the definition of "deliver" uses the words "bring" and "transport" in the disjunctive, there is every indication that a document can be delivered without being brought. For example, in common parlance, delivery of mail does not require personal presence of the addressee and a manual transfer of possession. Rather, it is accomplished by being placed at a location where the intended recipient may reasonably expect to receive it. Furthermore, Black's Law Dictionary defines "delivery" as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another." *Black's Law Dictionary* 428 (6th ed.1990). Even though this is less restrictive than The American Heritage Dictionary it indicates that the word "deliver" does not have a legal meaning distinct from everyday usage.
>
> Agreeing with the Court in *Doe v. Hersemann* that "[n]othing in [the] language [of Rule 45] suggests that in-hand, personal service is required to effectuate 'delivery,' or that service by certified mail is verboten," *Doe v. Hersemann*, 155 F.R.D. at 630, we hold that "delivering" a copy of a subpoena, for purposes of Rule 45, includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect. This would necessarily include, but not be limited to, personal service of a subpoena.
>
> Second, as was noted by the Court in *Doe v. Hersemann*, "the drafters [of the Federal Rules of Civil Procedure] knew how to indicate a personal service requirement" where it was intended. *Doe v. Hersemann*, 155 F.R.D. at 631. In Fed.R.Civ.P. 4(e), personal service is expressly described in the context of service of a summons and complaint as "*delivering* a copy of the summons and of the complaint to the individually *personally* ...". Fed.R.Civ.P. 4(e) [emphasis added]. Similarly, Fed.R.Civ.P. 4(f)(2)(C)(i) speaks of "*delivery* to the individual *personally* ...". Fed.R.Civ.P. 4(f)(2)(C)(i) [emphasis added]. As the Court in *Doe v. Hersemann* correctly stated "[i]f 'delivering ... to such person,' as stated in Rule 45(b)(1), required personal, in-hand service, then 'personally' in Rule 4(e)(1) would be pure surplusage." *Doe v. Hersemann*, 155 F.R.D. at 631.
>
> Third, none of the cases representing the majority position such as *Conanicut Investment Co. v. Coopers & Lybrand, In re Johnson & Johnson, Khachikian v. BASF Corp.*, provide any analysis in

---

[2] *But see, Federal Trade Commission v. Compagnie de Saint-Gobain-Point-A-Mousson*, 636 F.2d 1300 D.C. Cir. 1980). It should be noted that our Circuit Court has yet to address this issue.

> support of that position. *See Doe v. Hersemann,* 155 F.R.D. at 631 ("Not one of these cases explains its conclusion, however; each simply refers to the text of Rule 45, which, as noted, does not command personal service."). As for the Moore and the Wright & Miller treatises, even the Court in *Conanicut Investment Co. v. Coopers & Lybrand,* in following these treatises, recognized, that they merely "state, *without elaboration,* that Rule 45 requires a subpoena to be served by personally delivering a copy to the person named therein." *Conanicut Investment Co. v. Coopers & Lybrand,* 126 F.R.D. at 462 [emphasis added].

*See In re Shur,* 184 B.R. 640, 641-644 (E.D.N.Y. 1995).

Most important of all, it is clear that the respondents in the present case <u>actually</u> received the subpoenas.[3] Please note that the respondents all indicated through their objection that the means of service, certified mail, worked: they all received the subpoenas; they all knew about the items demanded; they all were afforded notice and an opportunity to respond.

  b. *Rule 5 is inapplicable to non-parties.*

The respondent make a point to suggest that somehow Rule 5 applies in this situations. Unfortunately for them, rule 5 only applies to the filings of parties, <u>and not non-parties</u>. *See e.g., D'Angelo v. Potter,* 221 F.R.D. 289, 291-292 (D. Mass 2004); *Lehman v. Kornblau,* 206 F.R.D. 345, 346 (E.D.N.Y. 2001)(Rule 5 inapplicable to non-parties). As such, compliance via mail is proper if and only if actual delivery of the materials requested, or an objection, arrived no later than the time required under the subpoena. *See* Fed. R. Civ. P. 45(b). In the present case, it is clear that the respondents have not complied with this obligation.

3. *Respondents' claims and objections are insufficient to quash the subpoenas.*

To avoid waiver of this issue, Mr. Williams would refer this court to his supplement offered after the objections were untimely filed within this case. Moreover, Mr. Williams adopts by specific reference the argumentation described therein.

4. *Evidence subpoenaed may be used in support of motion for new trial.*

---

[3] Although in one instance, with Mr. Chute, respondent's counsel claims that Mr. Chute's subordinate signed for the certified letter, this is of little consequence. The issue is whether delivery of the subpoena was reasonably assured given the means by which the subpoena was delivered o Mr. Chute. Given that he offered objections (albeit untimely ones) it is clear that he received the subpoenas on the date indicated by Mr. Williams.

4

More importantly, it is clear that the information demanded may be used in support of Mr. Williams pending motion for new trial and reconsideration filed within the district of Maine. As Rule 59 clearly permits the consideration of new evidence, it is clear that this documentation would lead to proof that Mr. Williams suffered from disparate treatment in comparison with all other persons disciplined by the defendants.

5.    *The District Court of Maine has no authority to enforce subpoenas issued from this Court.*

Finally, it is equally clear that the Respondent suggestion that this Court transfer this case to Maine is silly. As one District Court rightly pointed out, subpoenas may only be enforced by the district court that issued them. *See Productos Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226 (D.P.R. 1992). Thus, only this district court may enforce the subpoenas against the respondents.

6.    *The respondent failed to meet their collective burden of proof in showing the items demanded warrant an order to quash.*

As our Circuit holds, persons seeking protection against a subpoena have a very heavy burden. *See Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1st Cir. 1961). The respondents must show that quashing the subpoena is more appropriate than some more limited remedy. *Id.* In this instance, the respondents have offered objections without any legal or factual support which could permit this court to assess the burdens, hardships, costs, scope, or time constraints complained about within their motion.[4] In short, though the respondent whine about being subpoenaed, they offer no legitimate excuse why they should not be, why they do not have the documents in question, why they cannot comply, or why this court should relieve them of their obligation to produce or to respond in a timely manner.

## CONCLUSION

WHEREFORE, Mr. Williams prays this Court to grant his motion to compel against the respondents.

Respectfully Submitted,

Charles G. Williams III
115 John Dunn Drive, 1A
Rockland, MA 02370
(781) 762-1473

---

[4] *See also,* Supplement in Support of Motion to Compel.

5

CERTIFICATE OF SERVICE

One copy was sent via Regular U.S. Mail to C. Taub, on July 22, 2004, located at 6 Statehouse Station, Augusta, ME 04333-0006.

*[signature]*

6